EDWARD A. CUTLER v. BERIAH WALL.

The award of a referee, under a rule of Court, is conclusive as to matters of law
as well as to matters of fact, and cannot be set aside unless for a cause which
affects the fairness of his decision, or which shows that the party objecting
did not have a fair and impartial trial.

ACTION on the case for deceit in the sale of five hundred
shares of stock. The cause was tried under a rule of court,
before a referee, upon an agreed statement of facts, who reported
that the defendant was not guilty. To this report of the referee
the plaintiff excepted, on the ground that it was erroneous in law.

*Barrows, for the plaintiff,* contended that the facts being agreed
upon, the decision of the referee was purely a conclusion of law,
and therefore a proper subject for revision by the court.

*Thurston, Ripley & Co., for the defendant.*

BRAYTON, C. J. This present motion is to set aside the
award of a referee, made under a rule of this court, and to ren-
der a judgment for the plaintiff. The plaintiff commenced his
action in this court against the defendant, and upon answer
being filed, the parties submitted their cause to the determina-
tion of the person agreed upon by them. The submission was
in the common form, " *to hear and determine,*" without any con-
dition or limitation in matter of law or matter of fact. Without
calling witnesses or submitting evidence at the hearing before
the referee, they submitted to him an agreed statement of the
facts, leaving for his determination the pure question of law
arising thereon. There is no suggestion against the perfect
uprightness and impartiality of the referee, of any misconduct
of the party, or that the award is not the result of the unbiassed
judgment of the referee. The only complaint is, that it is erro-
neous ; that the referee erred in judgment, and so has made his
award in favor of the defendant, and not of the plaintiff, for whom
he claims it should have been, according to the law of the case.

Although there is no reported case, it has been, nevertheless,
considered as settled law, that an award of a referee, made under

a rule of court, could not be set aside for any such cause as is here set up, or for any cause which does not affect the fairness of the determination, or show that the party had not a fair and impartial trial. That the rule of the court giving him the power to hear and determine the matter in controversy made him a judge of the rights of the parties, and gave him power to decide all questions of law or of fact arising in the hearing of the cause, and his power is to give a final determination of the controversy.

By the submission of the parties to his judgment, he is constituted a court of competent jurisdiction to decide finally and in the last resort, the rights of the parties, and his award can no more be disturbed than the judgment of any other court of competent jurisdiction in which no appeal is given.

Shaw, C. J., in *Bigelow et al.* v. *Newell*, 10 Pick. 348, says, " that where parties select their own judges, and submit their respective rights depending upon law and fact, and the referee decides accordingly, such award is conclusive, as well of law as of fact, and the court will not inquire whether the referee has decided correctly upon principles of law or not." To the same point is *Ward* v. *American Bank*, 7 Met. 486, and *Winslow* v. *Kimball*, 12 Cush. 485; as is also *Wall, complainant,* v. *Decker et al.* 51 Maine 31.

And though it should appear upon the face of the award that it may be erroneous, the court cannot correct it; and where it was that the referee had made a statement of certain facts at the request of one of the parties, showing his error in judgment, the court held that they could not even then correct the error, because the referee had not made the statement with any view of submitting the law to the court, or of avoiding the determination himself upon the fact; though it was held that the referee might · have submitted the law to the court without himself passing judgment upon it.

If the parties would leave the award open to review, they must reserve that right in the terms of their submission, as the only mode of avoiding the conclusiveness of the award.

*Report of referee confirmed, and judgment thereon according thereto.*